UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PATRICK ROSSI, an individual,

    Plaintiff,

v.    Case No: 2:15-cv-180-FtM-29MRM

GARY BILLMYRE, an individual,

    Defendant.

## OPINION AND ORDER

This matter comes before the Court on plaintiff's Motion for Default Final Judgment Pursuant to Fed. R. Civ. P. 55(b)(2) and Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56 (Doc. #30) filed on April 29, 2016.  No response has been filed, and the time to respond has expired.  As of October 26, 2016, mail was returned to the Clerk, and could not be forwarded and was not resent to Gary Billmyre.  The Court finds that a hearing is not required, and that the damages are calculable.

**I.**

Plaintiff Patrick Rossi (plaintiff or Rossi) initiated the First Amended Complaint (Doc. #7)[1] against Gary Billmyre (defendant

---

[1] The original Complaint (Doc. #1) was dismissed without prejudice for failure to plead subject-matter jurisdiction.

or Billmyre) on March 20, 2015.  On September 17, 2015, defendant appeared and filed an Answer and Affirmative Defenses (Doc. #14). On October 27, 2015, the Court issues a Case Management and Scheduling Order (Doc. #20) setting the deadlines leading up to trial.

On January 8, 2016, the Magistrate Judge granted counsel for defendant's unopposed motion to withdraw, and provided defendant a deadline to secure new counsel; or to notify the Court that he would be proceeding *pro se*. (Doc. #24.) Defendant was on notice that the failure to take action would result in a recommendation that a default be entered against him.  Defendant, or his new counsel, were also directed to file a response to plaintiff's Opposed Motion for Service Fees and Costs within 14 days of new counsel's notice of appearance, or defendant's appearance on his own behalf.  On February 5, 2016, an Order to Show Cause (Doc. #25) was issued directing defendant to show cause for failure to comply with the January 8, 2016, Order (Doc. #25), and defendant was placed on notice that the failure to respond would result in a recommendation of a default against him.

Defendant did not appear or respond, and plaintiff moved for the entry of a default.  (Doc. #26.)  The motion was granted, and the Clerk was directed to enter a default against Billmyre. (Doc. #27.)  On March 10, 2016, the Clerk issued an Entry of Default (Doc. #28), and therefore plaintiff has met the necessary

prerequisite for a default judgment against defendant. Fed. R. Civ. P. 55(a). On March 18, 2016, finding no opposition, plaintiff's Opposed Motion for Service Fees and Costs Pursuant to the Federal Rules of Civil Procedure 4(d)(2) (Doc. #21) was granted and defendant was directed to pay plaintiff $897.00 in attorneys' fees and $615.00 in service fees by a certain date, or the total amount of $1,512.00 would be included in any default judgment. (Doc. #29.)

**II.**

Plaintiff has moved for a default judgment and summary judgment against defendant as to Counts 2, 5, and 6, with the remaining counts to be dismissed without prejudice. Plaintiff also seeks attorney's fees and costs to be determined by the Court.

A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established. [ ] A default judgment is unassailable on the merits, but only so far as it is supported by well-pleaded allegations. [ ] A default defendant may, on appeal, challenge the sufficiency of the complaint, even if he may not challenge the sufficiency of the proof." Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1307 (11th Cir. 2009) (internal citations omitted).

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact

and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." Baby Buddies, Inc. v. Toys "R" Us, Inc., 611 F.3d 1308, 1314 (11th Cir. 2010). A fact is "material" if it may affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "A court must decide 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Hickson Corp. v. N. Crossarm Co., Inc., 357 F.3d 1256, 1260 (11th Cir. 2004) (citing Anderson, 477 U.S. at 251). "If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant summary judgment." Allen v. Bd. of Pub. Educ., 495 F.3d 1306, 1315 (11th Cir. 2007).

## III.

Deeming all well-pled allegations admitted, in 2014, defendant approached plaintiff with a business venture to fund the purchase of a pre-fabricated building for the purpose of refurbishing it and selling it for a shared profit. To formalize the venture, the parties executed a Joint Venture Agreement, Promissory Note, Security Agreement, and a UCC-1 Financing

4

Statement, and plaintiff delivered $125,000 to defendant to purchase a Nucor pre-engineered steel building more specifically described in paragraph 13 of the Fist Amended Complaint. Upon purchase, defendant was to maintain the inventory at his home address.

The UCC-1 was recorded perfected, and identifies the collateral as the inventory, and the Joint Venture Agreement required defendant to take certain actions and meet responsibilities that were not met. Under the terms of the Note and Security agreement, defendant was required to pay monthly interest-only installments of $1,250.00, starting on August 2, 2014. Defendant failed to make his payments on January 2, 2015, and any of the subsequent payments.

On or about January 20, 2015, plaintiff notified defendant of his default and that plaintiff was electing to accelerate the payment of the remaining principal balance and accrued interest. The total amount due through March 19, 2015, including late fees, was $130,857.46. Plaintiff also seeks an award of attorney's fees and costs due under the terms of the Note, Security Agreement, and the Joint Venture Agreement. Plaintiff holds the original documents in his possession, and attached to the motion is a copy

of the Promissory Note (Doc. #30-2), Security Agreement (Doc. #30-3), and Joint Venture Agreement (Doc. #30-4) signed by defendant.[2]

Plaintiff's Affidavit of Defendant's Indebtedness reflects that Rossi is the holder of the Promissory Notice signed by defendant, and the secured party to the Security Agreement. (Doc. #30-1, ¶¶ 3-4.) Defendant made representations to plaintiff that were false, or at least made with a reckless disregard for the truth, when defendant asserted that he would acquire and take possession and control of the inventory because no proof was provided. (Id., ¶¶ 6-7.) Defendant made assurances that a profit could be made, and that he knew of an individual willing to purchase the inventory, and these representations were made with the intention of making plaintiff provide the loan. Plaintiff did rely on the representations in providing the loan and has now suffered calculable damages. (Id., ¶¶ 10-14.)

**IV.**

In Count I, plaintiff seeks to foreclose on the security interest pursuant to Fla. Stat. § 679.601; in Count II, plaintiff seeks damages for the delinquent payments under the Note and Security Agreement; in Count III, plaintiff seeks to recover possession of the inventory by way of a replevin action; in Count

---

[2] The documents were also attached to the original Complaint (Doc. #1).

6

IV, plaintiff asserts a breach of defendant's fiduciary duty to act fairly and in good faith in the joint venture; in Count V, plaintiff asserts a breach of the Joint Venture Agreement for defendant's failure to comply with its requirements, including failing to provide an accounting, and failing to purchase and insure the inventory; and in Count VI, plaintiff asserts fraud in the inducement for defendant's false representations intended to induce plaintiff into executing the documents and causing plaintiff to rely on the representations to his detriment.

For purposes of the motion for a default judgment, plaintiff only seeks judgment as to Counts II, V, and VI.  The remaining counts will be dismissed without prejudice.

**Counts II and Count V**

In Count II and Count V, plaintiff seeks damages for the delinquent payments under the Note and Security Agreement, and for the breach of the Joint Venture Agreement.  The Note and Security Agreement are explicitly governed by Florida law.  The Joint Venture Agreement contains no such provision but is incorporated by reference in the Note as providing the allocation of proceeds of any sale of inventory.

"For a breach of contract claim, Florida law requires the plaintiff to plead and establish: (1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from the breach." Vega v. T-Mobile USA, Inc., 564 F.3d 1256, 1272

7

(11th Cir. 2009) (citation omitted). The allegations in the Amended Complaint, deemed admitted by defendant, set forth the existence of a contract, a breach by defendant by failing to make payments and failing to purchase/sell the inventory, and resulting damages.

Under the Security Agreement, all obligations are immediately due and payable upon default in payment or performance of any obligation, or the loss or theft of any inventory. Upon default, the secured party has the right to sell the inventory after notice to defendant, and to collect reasonable attorney's fees for enforcing obligations, including taking possession of inventory or the proceeds of inventory. (Doc. #30-3, p. 5.) The repayment of the obligation under the Note is evidenced by the Security Agreement, and all three documents together constitute the loan documents for the transaction. (Doc. #30-2, pp. 1-2.) Plaintiff states that defendant failed to purchase and maintain the inventory, provide copies of all invoices for materials and subcontractors, provide insurance, and to sell the inventory. (Doc. #30-1, ¶ 16.) Finding a breach of the contracts has been established, the motion will be granted as to Counts II and V.

**Count VI**

In Count VI, plaintiff asserts fraud in the inducement. "The elements of a claim for fraudulent inducement are: (1) a false statement of material fact; (2) the maker of the false statement

8

knew or should have known of the falsity of the statement; (3) the maker intended that the false statement induce another's reliance; and (4) the other party justifiably relied on the false statement to its detriment." Prieto v. Smook, Inc., 97 So. 3d 916, 917 (Fla. 4th DCA 2012) (citations omitted). Once again, the Court finds that the admitted allegations in the Amended Complaint, coupled with the statements in the Affidavit of Defendant's Indebtedness (Doc. #30-1), are sufficient to support judgment in favor of plaintiff. The motion will be granted as to Count VI.

**V.**

Plaintiff seeks damages in the form of the unpaid principal, accrued interest, post-judgment interest, and late charges. Plaintiff also seeks the $897.00 in attorneys' fees, and $615.00 in service fees, as awarded by the Court on March 18, 2016, see Doc. #29, and attorney's fees to be determined by the Court.

The Note contains an interest rate of 12% per annum, a 5% late payment fee, and a maximum rate of interest allowed by applicable law upon default. The maximum per annum simple interest rate is 18% under Fla. Stat. § 687.03(1) (Florida interest and usury).

The Court will permit application of the requested interest rates. As of April 15, 2016, plaintiff asserts the following is due and owing:

| | |
|---|---|
| Principle due on the note (interest-only installments started 8/2/2014) (Doc. #7, ¶ 16) | $125,000.00 |
| Pre-Default Interest from December 2, 2014 to January 20, 2015[3] - 12% Interest - $41.67/day at 360 day calendar. | $2,041.83[4] |
| Default Interest from January 21, 2015 to April 18, 2016[5] - 18% interest - $61.64/day at 365 day calendar | $27,922.92 |
| Late Fees | $1,000.00 |
| Total | $155,964.75 |

The motion for a default judgment will be granted as provided below. As a result, the secondary request for summary judgment on the same counts will be denied as moot.

Accordingly, it is now

**ORDERED:**

1. Plaintiff's Motion for Default Final Judgment Pursuant to Fed. R. Civ. P. 55(b)(2) and Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56 (Doc. #30) is **GRANTED** as to the motion for a default final judgment and otherwise denied as moot. A default judgment is granted in favor of plaintiff and against defendant as to Counts II, V, and VI in the amount of $155,964.75 through April

---

[3] Defendant defaulted on the Note by failing to make the January 2, 2015 payment, and defendant was notified of the election to accelerate on 1/20/2015. (Doc. #7, ¶¶ 18, 20.)

[4] Including through January 20, 2015, this amount is based on a total of 49 days.

[5] Including through April 17, 2016, this amount is based on a total of 453 days.

10

18, 2016, plus interest accruing at a rate of $61.64 per day thereafter through the entry of judgment, and $1,512.00 in service fees and costs.  The remaining counts, Counts I, III, and IV of Amended Complaint, are **dismissed without prejudice**.

    2.  The Clerk shall enter judgment accordingly, terminate all pending motions and deadlines as moot, and close the file.

    3.  Plaintiff may seek attorney fees and costs by motion to be filed within **FOURTEEN (14) DAYS** of this Opinion and Order.

    **DONE AND ORDERED** at Fort Myers, Florida, this __9th__ day of November, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record