UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PATRICK ROSSI, an individual

    Plaintiff,

v.                                      Case No: 2:15-cv-180-FtM-29MRM

GARY BILLMYRE,

    Defendant.
_____/

## **ORDER**

This cause comes before the Court on Plaintiff's Motion for Writ of Garnishment to the Collier County Clerk of the Circuit Court (Doc. 47) filed on June 27, 2017.

### I.    Background

Plaintiff states that judgment was entered against Defendant Gary Billmyre on November 15, 2016, awarding Plaintiff $170,482.79, plus interest accruing at the rate of 0.7% per annum since November 15, 2016. (*Id.* (citing Doc. 34)). Plaintiff notes that the Court later granted Plaintiff's Motion for Attorney Fees and Costs and entered an additional judgment against Defendant in an amount totaling $13,424.28, plus interest accruing at the rate of 0.86% per annum since January 11, 2017. (*Id.* (citing Docs. 36-37)). Plaintiff states that both judgments remain unsatisfied. (*Id.* at 2).

Plaintiff seeks the issuance of a writ of garnishment against the Collier County Clerk of the Circuit Court in connection with a Supplemental Final Judgment Inclusive of Fees and Costs ("Collier County Judgment") entered on October 4, 2016 against John Pulling, Jr. and Marsha Pulling and in favor of Gary Billmyre and Billmyre Enterprises, Inc. by the 20th Judicial Circuit Court in and for Collier County, Florida in the matter styled *Pulling v. Billmyre Enterprises, Inc.*,

Collier County Circuit Court Case No. 10-5553-CA. (*Id.*). Plaintiff states that the Collier County Judgment awarded Defendant Gary Billmyre and Billmyre Enterprises, Inc. an amount totaling $289,528.28 against John Pulling, Jr. and Marsha Pulling. (*Id.*). Plaintiff notes that this Court previously issued writs of garnishment directed to Billmyre Enterprises, Inc., John Pulling, Jr., and Marsha Pulling in connection with the Collier County Judgment. (*Id.* (citing Docs. 40-42)).

Plaintiff states that, on June 21, 2017, counsel for John Pulling, Jr. and Marsha Pulling informed Plaintiff that a civil supersedeas bond in the amount of $317,554.61 was posted with the Collier County Clerk of the Circuit Court in connection with an appeal of the Collier County Judgment. (Doc. 47 at 2-3). Plaintiff states that the supersedeas bond will ensure payment of the Collier County Judgment to Defendant Gary Billmyre and Billmyre Enterprises, Inc. in the event that the appeal by John Pulling, Jr. and Marsha Pulling of the Collier County Judgment is unsuccessful. (*Id.* at 3). Plaintiff states that he is seeking the issuance of a writ of garnishment directed to the Collier County Clerk of the Circuit Court for the purpose of attaching the bond and perfecting its garnishment of the Collier County Judgment in the event the Collier County Clerk of the Circuit Court is required to issue payment to Defendant Billmyre under the terms of the bond in connection with the Collier County Judgment. (*Id.*).

## II.    Legal Standards

Pursuant to Fed. R. Civ. P. 69(a), "[t]he procedure on execution – and in proceedings supplementary to and in aid of judgment or execution – must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Under Florida law, garnishment is governed by Fla. Stat. § 77.01, *et. seq.* The statute provides:

> Every person or entity who has sued to recover a debt or has recovered judgment in any court against any person or entity has a right to a writ of garnishment, in the

> manner hereinafter provided, to subject any debt due to defendant by a third person or any debt not evidenced by a negotiable instrument that will become due absolutely through the passage of time only to the defendant by a third person, and any tangible or intangible personal property of defendant in the possession or control of a third person.

Fla. Stat. § 77.01.

"After judgment has been obtained against defendant but before the writ of garnishment is issued, the plaintiff, the plaintiff's agent or attorney, shall file a motion (which shall not be verified or negative defendant's exemptions) stating the amount of the judgment." Fla. Stat. § 77.03. Additionally, pursuant to Fla. Stat. § 77.04:

> The writ shall require the garnishee to serve an answer on the plaintiff within 20 days after service of the writ stating whether the garnishee is indebted to the defendant at the time of the answer, or was indebted at the time of service of the writ, plus up to 1 business day for the garnishee to act expeditiously on the writ, or at any time between such times; in what sum and what tangible or intangible personal property of defendant the garnishee has in his or her possession or control at the time of his or her answer, or had at the time of the service of the writ, or at any time between such times; and whether the garnishee knows of any other person indebted to defendant, or who may have any of the property of defendant in his or her possession or control. The writ shall state the amount named in plaintiff's motion. If the garnishee is a business entity, an authorized employee or agent of the entity may execute, file, and serve the answer on behalf of the entity.

Moreover, under Florida law, post-judgment writs of garnishment may be issued *ex parte* and without notice to the judgment debtor. *Blitz Telecom Consulting, LLC v. Peerless Network, Inc.*, No. 6:14-cv-307-ORL-40GJK, 2016 WL 7134831, at *1 (M.D. Fla. Apr. 5, 2016), *order dissolved*, No. 6:14-cv-307-ORL-40GJK, 2016 WL 7394561 (M.D. Fla. Apr. 29, 2016) (citing *United Presidential Life Ins. Co. v. King*, 361 So. 2d 710, 713 (Fla. 1978)); *see also Commc'ns Ctr., Inc. v. Komatsu*, No. 6:05-cv-1254-Orl-31GJK, 2008 WL 2717669, at *1 (M.D. Fla. June 27, 2008).

In looking at the garnishment statute, Florida courts have noted that Fla. Stat. § 77.01 "allows garnishment only of 'any debt due to defendant by a third person.'" *Tomlin v. Anderson*,

413 So. 2d 79, 82 (Fla. 5th Dist. Ct. App. 1982). Florida courts have held that judgments may be garnished. *Florida Steel Corp. v. A. G. Spanos Enters, Inc.*, 332 So. 2d 663, 664 (Fla. 2d Dist. Ct. App. 1976) (citing *Jax Ice and Cold Storage Co. v. South Fla. Farms Co.*, 109 So. 212 (1926)). Nevertheless, under the statute, "a debt, to be subject to garnishment, must be due absolute and without contingency." *Tomlin*, 413 So. 2d at 82 (citing *Cobb v. Walker*, 198 So. 324 (1940)). Contingent or unliquidated sums of a debt are not subject to garnishment under Florida law. *Matter of Armando Gerstel, Inc.*, 43 B.R. 925, 933 (Bankr. S.D. Fla. 1984), *aff'd in part, rev'd in part,* 65 B.R. 602 (S.D. Fla. 1986). Florida courts have noted that "[i]f there is anything contingent or to be done by a person before the liability of another becomes fixed, there is not such an 'indebtedness due' as contemplated by the statute to which a writ of garnishment can apply." *Id.* (citing *West Fla. Grocery Co. v. Teutonia Fire Ins. Co.*, 77 So. 209 (1917)). On this point, due to its contingent nature, Florida's Second District Court of Appeal has indicated that no judgment of garnishment and execution may be taken while a judgment is superseded pending appeal. *See Florida Steel*, 332 So. 2d at 665. Stated differently, judgments may not be garnished until a judgment becomes final and is no longer subject to appeal. *See id.*

The Court notes that the present motion deals with a request to garnish the funds of a supersedeas bond. A supersedeas bond is a bond posted in a trial court to ensure payment of a final judgment in the event an appeal is unsuccessful. *See* Fla. R. App. P. 9.310. Florida's Third District Court of Appeal has held that "funds used to post [a] supersedeas bond are not garnishable while in the depository of the court." *Schmitt v. Boyle*, 598 So. 2d 165, 165 (Fla. 3d DCA 1992) (citing *Leatherman v. Gimourginas*, 192 So. 2d 301, 302 (Fla. 3d DCA 1966)). Thus, because judgments may not be garnished until a judgment becomes final and is no longer subject to appeal, the funds used to post a supersedeas bond are also not garnishable until a

judgment becomes final and is no longer subject to appeal. *See Schmitt*, 598 So. 2d at 165; *Florida Steel*, 332 So. 2d at 665.

While the funds used to post a supersedeas bond are not garnishable while in the depository of the court pending an appeal, this fact does not typically prevent the issuance of a writ of garnishment for the judgment. *See Florida Steel*, 332 So. 2d at 665. In fact, a writ of garnishment generally may be issued and, if the appeal is affirmed, then the plaintiff "would be entitled to a judgment of garnishment and should be in a position to stand in the shoes of the defendant to the extent of being able to collect upon the supersedeas bond." *Id.* The garnishment proceedings, however, are stayed by the trial court while the appeal is pending. *Id.*

While the above-stated procedure appears to be effective when all of the proceedings are before the same court, this procedure appears to run into significant issues when all of the proceedings are *not* before the same court. For instance, in *Leatherman v. Gimourginas*, certain funds were deposited in the registry of the circuit court in Dade County, Florida. 192 So. 2d at 301. Before those funds could be disbursed, however, the clerk of the circuit court was served with a writ of garnishment issued by another trial court. *Id.* at 302. The other trial court entered final judgment in garnishment against the clerk of the circuit court, but the Florida Third District Court of Appeal reversed. *Id.* The court noted that generally "funds in custodia legis" – *i.e.*, funds held by the court – "are not garnishable." *Id.* Additionally, the court noted that because the clerk of the circuit court "is merely a ministerial officer of the court," the clerk might be subject to contempt proceedings by complying with another trial court's potentially contradictory order to deliver the garnished funds. *See id.* As a result, the court reversed the final judgment in garnishment against the clerk of the circuit court. *Id.*

While the Court reversed the final judgment in garnishment, the court stated that "[n]o sympathy is found with the efforts by the judgment debtor to escape its lawful obligations." *Id.* The court specifically noted various options available to the judgment creditor including seeking appropriate relief either through an intervention or through an independent suit. *Id.*

### III. Analysis

Turning to the present case, Plaintiff is seeking the issuance of a writ of garnishment to the Collier County Clerk of the Circuit Court for the funds posted for a supersedeas bond. (*See* Doc. 47 at 3; *see also* Doc. 47-1). As an initial matter, the funds posted for the supersedeas bond and deposited with the Collier County Clerk of the Circuit Court may not be garnished while they are in the court registry. *See Schmitt*, 598 So. 2d at 165. Instead, the funds used to post the supersedeas bond are only subject to garnishment after the judgment becomes final and is no longer subject to appeal. *See Schmitt*, 598 So. 2d at 165; *Florida Steel*, 332 So. 2d at 665.

As indicated above, a writ of garnishment typically may be issued even though the funds used to post the bond may not be garnished. *See Florida Steel*, 332 So. 2d at 665. Nevertheless, the proposed writ of garnishment in the present case appears to be similar to the impermissible garnishment proceedings that occurred in *Leatherman*. Here, as in *Leatherman*, another trial court has funds deposited in its registry. *See Leatherman*, 192 So. 2d at 301. Specifically, the funds posted for the supersedeas bond are deposited with the Collier County Clerk of the Circuit Court and not with the Clerk of Court for the United States District Court for the Middle District of Florida. (*See* Doc. 47-1). As stated above, significant issues arise when all of the proceedings are not before the same court. In this action, the situation of the Collier County Clerk of the Circuit Court is analogous to the clerk in *Leatherman*. As in *Leatherman*, because the Collier County Clerk of the Circuit Court is merely a ministerial officer, a writ issued by this Court

compelling the clerk to deliver the garnished funds may cause the clerk to be subject to contempt proceedings in Collier County for not complying with court orders there. *See id.* In *Leatherman*, the court refused to allow the garnishment proceedings under those circumstances. *See id.* Similarly, here, the Court cannot find that a writ of garnishment issued to the Collier County Clerk of the Circuit Court is permissible under the circumstances. *See id.*

While the Court finds that a writ of garnishment is not appropriate under the circumstances, it does not appear that Plaintiff is without options. As the Court in *Leatherman* noted, Plaintiff – as a judgment creditor – may seek other appropriate relief, including intervention or an independent lawsuit. *See id.* Nevertheless, as presently filed, Plaintiff's Motion and Writ of Garnishment do not appear to comply with applicable Florida law.

Accordingly, pursuant to M.D. Fla. R. 6.01(c)(19) and based on the papers filed by Plaintiff, the Court hereby **ORDERS** that Plaintiff's Motion for Writ of Garnishment to the Collier County Clerk of the Circuit Court (Doc. 47) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida on July 5, 2017.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties