UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| **PATRICK ROSSI,** an individual;<br><br>       Plaintiff,<br>v.<br><br>**GARY BILLMYRE,** an individual;<br><br>       Defendant. | CIVIL ACTION<br><br>Case No. 2:15-cv-00180-FtM-MRM<br><br>Judge: John E. Steele<br><br>Mag. Judge: Mac R. McCoy |

### PLAINTIFF'S MOTION FOR WRIT OF GARNISHMENT TO WELLS FARGO BANK, N.A.

**NOW COMES**, Plaintiff, **PATRICK ROSSI** ("Plaintiff"), by and through his undersigned counsel, and moves this Honorable Court for issuance of a writ of garnishment and in support of his motion. In support of his motion, Plaintiff states the following:

1.   On March 20, 2015, Plaintiff filed his Complaint alleging foreclosure of a security agreement, damages, breach of contract, breach of fiduciary duty, fraud in the inducement, and replevin.   [Dkt.1].

2.   This Court granted Plaintiff's Motion for Default Judgment and Motion for Summary Judgment [Dkt. 30] and Judgment in a Civil Case was entered against the Defendant on November 15, 2016 [Dkt. 34] awarding the Plaintiff $170,482.79, plus interest accruing at the rate of 0.7% per annum since November 15, 2016.

3.   This Court granted Plaintiff's Motion for Attorney's Fees and Costs Pursuant to Fed. R. Civ. Pro. Rule 54(D) [Dkt. 35] and Judgment in a Civil Case was entered against the Defendant on January 11, 2017 [Dkt. 35] awarding the

1

Plaintiff an additional $13,424.28, plus interest accruing at the rate of 0.86% per annum since January 11, 2017.

4. The Plaintiff's judgments against the Defendant remain unsatisfied.

5. Plaintiff and Defendant entered into a Forbearance and Repayment Agreement effective May 9, 2019, as of that date the total amount due and owing on the Judgments (including post-judgment attorney's fees and cost) is $196,541.88.

6. Defendant had complied with the Forbearance and Repayment Agreement by making required payments in the amount of $40,000.00, but failed to make the required payment on September 1, 2019 of $30,000.00 and the required payment of $35,000.00 on December 31, 2019 thereby breaching the Forbearance and Repayment Agreement. Defendant still owes the sum $156,567.23, plus interest accruing at the judgment interest rate stated therein.

7. FED. R. CIV. P. 69(a) provides that, "[t]he procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located . . . ."

8. In accordance with Fla. Stat. §77.01, §77.03, and §77.0305, the Plaintiff is entitled to the ex parte issuance of writs of garnishment in aid of judgment.

9. The Plaintiff is seeking a writ of garnishment against the Defendant's bank account at Wells Fargo Bank, N.A.

10. Plaintiff believes that the Defendant retains and use an account at Wells Fargo Bank as Defendant's payment came from a Wells Fargo Account.

11. A proposed Writ of Garnishment for Wells Fargo Bank, N.A., is attached as **Exhibit A**.

**WHEREFORE**, the Plaintiff, **PATRICK ROSSI** respectfully requests that this Honorable Court issue a writ of garnishment to Wells Fargo Bank, N.A., for the reasons set forth above and below in the accompanying Memorandum of Law.

### MEMORANDUM OF LAW

In Florida, "[e]very person or entity who has sued to recover a debt or has recovered judgment in any court against any person or entity has a right to a writ of garnishment . . . ." Fla. Stat. § 77.01. Garnishment is initiated by the filing of an appropriate motion, before or after execution is returned. Fla. Stat. § 77.03.

### ARGUMENT

Fed. R. Civ. P. 69(a) provides that, "[t]he procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located . . . ." As a threshold matter, in Florida, "[e]very person or entity who has sued to recover a debt or has recovered judgment in any court against any person or entity has a right to a writ of garnishment . . . ." Fla. Stat. § 77.01 (LexisNexis 2017). Garnishment is initiated by the filing of an appropriate motion, before or after execution is returned. Fla. Stat. § 77.03 (LexisNexis 2017).

After the motion is filed, the clerk, or the court if a continuing writ of garnishment is sought, will issue a writ of garnishment. No hearing is necessary, and the judgment creditor is not required to serve a copy of the motion on the judgment debtor before issuance or service of the writ. Indeed, no statutory or due

process requirement exists that the judgment debtor be given prior notice of the **post-judgment** garnishment. See United Presidential Life Insurance Co., 361 So.2d 710, 713 (Fla. 1978).

Although Florida does not require a specific form for writs of garnishment, the writ must: (1) require the garnishee to serve an answer within 20 days after service of the writ stating whether the garnishee is indebted to the Defendant; (2) state what sum and what tangible or intangible personal property of Defendant the garnishee has in his or her possession or control; and (3) whether the garnishee knows of any other person indebted to Defendant. Fla. Stat. § 77.04 (LexisNexis 2017).

Once the writ issues, the garnishee has twenty days to serve an answer. Id. In addition, upon issuance of the writ, if the debtor is an individual, the clerk of the court shall attach a notice of right against garnishment of wages or other property. Fla. Stat. § 77.041 (LexisNexis 2017). Pursuant to Fla. Stat. § 77.041, the debtor can claim certain exemptions in writing, and the debtor has the right to request a hearing. After the garnishee serves its answer, or the time for service has expired, the Plaintiff is required to serve the Defendant with the garnishee's answer and a notice that the Defendant must move within twenty days to dissolve the writ if any of the allegations in the motion for garnishment are untrue. Fla. Stat. § 77.055 (LexisNexis 2017) and First Union National Bank of Florida, 874 So.2d 716, 717 (Fla. 4th DCA 2004).

Upon the request of the garnishee, the Plaintiff must pay the garnishee $100 in accordance with Fla. Stat. § 77.28 (LexisNexis 2017).

## CONCLUSION

**WHEREFORE**, the Plaintiff, **PATRICK ROSSI**, respectfully requests that this Honorable Court issue a writ of garnishment to Wells Fargo Bank, N.A., for the reasons set forth above.

Respectfully submitted,

Dated:   January 16, 2020

*/s/Justin Hassani*
Bradley W. Butcher
Florida Bar No. 0020045
Justin Hassani
Florida Bar No. 0116704
Counsel for Plaintiff
Butcher & Associates, P.L.
6830 Porto Fino Circle, Suite 2
Fort Myers, Florida 33912
Telephone:   (239) 322-1650
Fax:             (239) 322-1663
Primary:      ecf@b-a-law.com
Secondary:  bwb@b-a-law.com
Tertiary:      jfh@b-a-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 16, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF System.  I further certify that I served the foregoing document and the notice of filing by First Class U.S. Mail to the following non-CM/ECF participants: None.

Respectfully submitted,

Dated:   January 16, 2020

*/s/ Justin Hassani*
Bradley W. Butcher
Florida Bar No. 0020045
Justin Hassani
Florida Bar No. 0116704
Counsel for Plaintiff
Butcher & Associates, P.L.
6830 Porto Fino Circle, Suite 2
Fort Myers, Florida 33912
Telephone: (239) 322-1650
Fax: (239) 322-1663
Primary:       ecf@b-a-law.com
Secondary:   bwb@b-a-law.com
Tertiary:        jfh@b-a-law.com